ENTERED OCT 2 8 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-14-47
CUM-TDW-10-24-14

STEELE MANAGEMENT, LLC,

Plaintiff-Appellee

v.

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office
OCT 24 2014
RECEIVED

KENNETH MURPHY d/b/a MURPHY EMPIRE DESIGN,

Defendant-Appellant.

Defendant Kenneth Murphy d/b/a Murphy Empire Design appeals from a small claims judgment of the District Court (Darvin, J.) entered on August 28, 2014 (SC-2014-0056). The appeal raises two grounds, namely, that the defendant (1) was not a party to the contract in his individual capacity, and (2) defendant performed and plaintiff accepted all obligations under the contract.

Arguments not raised before a trial court cannot be heard on appeal. *Graybar Elec. Co. v. Sawyer*, 485 A.2d 1384, 1388 (Me. 1985) (litigant cannot "belatedly" raise argument on appeal). This applies with equal force to appeals out of small claims decisions by the District Court. *See Lorenz v. Kilroy*, 2000 WL 33675777 *1 (Me. Super. Feb. 10, 2000) (party failed to raise disqualification argument during small claims proceeding and thus waived the argument on appeal to the Superior Court).

On the record before the court, there is no indication that defendant argued in the District Court that plaintiff contracted only with Murphy Empire LLC and not with Kenneth Murphy in his individual capacity. Unless the defendant establishes that this issue was raised below and is

1

therefore preserved for appeal, the sole issue to be decided in this case is whether defendant performed and plaintiff accepted all obligations under the contract.

On the latter issue Murphy has filed an affidavit that establishes that there is a genuine issue for a jury trial. See M.R.Small Claims P. 11(d)(2). On that issue, the court considers only whether there is a factual dispute for trial and does not weigh the evidence to evaluate whether plaintiff or defendant is likely to prevail at a jury trial.

The entry shall be:

Defendant-appellant's request for trial by jury is granted. The case is in order for trial only as to the parties' contractual obligations and performance, unless defendant proves that he raised in the District Court his argument that the contract was with Murphy Empire LLC rather than with defendant personally. Defendant shall have 30 days to file supplemental materials establishing that the issue of whether he was a party to the contract in his individual capacity (doing business as Murphy Empire Design) was raised below. The Clerk is directed to place this case on the jury trial list pursuant to M.R. Civ. P. 40(a) upon receipt of the $300.00 jury fee, which shall be paid by defendant-appellant within 45 days.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 24, 2014

Thomas D. Warren
Justice, Superior Court